**United States District Court**
**District of Connecticut**

| | |
|---|---|
| **Chase Crossroads Waterford Square LLC,** ) | |
| *Plaintiff* ) | |
| v. ) | **D.N.: 03-CV-432(GLG)** |
| **The May Department Stores Company,** ) | |
| *Defendant* ) | **October 27, 2003** |

FILED
Oct 28  2 47 PM '03
U.S DISTRICT COURT
NEW HAVEN, CONN.

## MOTION TO MODIFY SCHEDULING ORDER

Defendant The May Department Stores Company ("May"), by its undersigned counsel, hereby respectfully moves, pursuant to Rule 11(b) of the Local Civil Rules of this Court, for a modification of the scheduling order in this case such that all time limits are expanded by sixty days.

In support of this motion, May makes this particularized showing of good cause:

1. Counsel for the plaintiff, Mark Rosenblum, has been consulted and consents to this motion.

2. This action is a claim by the plaintiff landlord on a lease guaranty of commercial space in a shopping center. The parties previously revised the Scheduling Order in this case in order to change the order in which expert witnesses would be disclosed, putting the burden on defendant May, as the alleged guarantor of the tenant's obligations under the lease, to disclose its expert witnesses first. Under the current scheduling order, May must disclose all trial experts and provide opposing counsel with reports from retained experts no later than October 31, 2003.

3. In order to retain and disclose experts, May must first receive and review documents produced by the plaintiff and depose a representative of the plaintiff with respect to the leasehold

property. To date, the plaintiff has produced a large volume of documents, but has not completed its document production.

4. Counsel for May and counsel for the plaintiff executed a confidentiality stipulation, which this Court recently approved, designed to facilitate the production of the remaining relevant documents. Counsel for May has not yet received copies of documents previously withheld on the grounds of confidentiality.

5. Counsel for May has not yet had an opportunity to depose a representative of the plaintiff regarding its defenses.

6. Any expert witness of May will require time to review and analyze the plaintiff's documents, including the confidential documents that have yet to be produced by the Plaintiff, and to review the depositions of the plaintiff's representatives.

### Conclusion

For the foregoing reasons, May respectfully requests that its motion be granted.

**DEFENDANT**
**THE MAY DEPARTMENT STORES COMPANY**

By _____
Jeffrey J. Tinley
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street
Waterbury, CT
Federal Bar No. 00765
Tel.: (203) 596-9030
Facsimile (203) 596-9036
E-mail: jtinley@tnrdlaw.com

## Certificate of Service

This will certify that a copy of the foregoing was mailed, postage prepaid, this 22nd day of October, 2003 to:

>Mark Rosenblum, Esq.
>David Heinlein, Esq.
>Rogin, Nassau, Caplan, Lassman & Hirtle
>Cityplace I, 22nd Floor
>185 Asylum St. Hartford, CT 06103-3460

_____
Jeffrey J. Tinley