UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHASE CROSSROADS WATERFORD | : | |
| WATERFORD SQUARE, LLC | : | |
|     Plaintiff | : | |
|     vs. | : | Case No. 303 CV 0432 GLG |
| | : | |
| THE MAY DEPARTMENT STORES | : | |
| COMPANY | : | |
|     Defendant | : | January 14, 2004 |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR PERMISSION TO FILE AMENDED ANSWER**

**Introduction**

The defendant, The May Department Stores Company ("May"), has filed a motion for permission to amend its Answer to add several additional affirmative defenses. The proposed amendments stem from May's review of document production, deposition testimony, and other evidence produced in discovery. In this case, May is alleged to be a successor entity to the original guarantor of a commercial lease agreement entered into in 1983. Many of the documents relevant to this action were in the possession of the plaintiff, Chase Crossroads. Chase Crossroads has been forthcoming and has produced thousands of pages of documents and has made several of its employees and agents available for depositions. By way of this discovery May and its counsel were able to begin to fully understand the factual issues and transactions at play in this case. Although discovery is not yet complete, May has discovered sufficient facts to merit an amendment of the pleadings at this stage.

**Factual and Procedural Background**

The plaintiff's claims stem from a commercial lease guaranty signed in 1983. According to the Complaint, in 1983, a predecessor partnership to the present plaintiff leased retail space to the now-defunct Caldor Corporation ("Caldor") for a retail establishment in Waterford, Connecticut. American Dry Goods Corporation ("ADG"), Caldor's parent company, is alleged to have guaranteed Caldor's lease obligations. Plaintiff claims that May became liable under the terms of the lease guaranty as a successor to ADG by virtue of a merger between May and ADG.

In response to the plaintiff's complaint, the defendant initially filed two affirmative defenses: failure to mitigate damages and that the plaintiff was not entitled to attorney's fees. Discovery has clarified the issues and facts in this case, and now the defendant moves to amend its answer by adding several affirmative defenses.

**Legal Discussion**

Justice requires these amendments. "[L]eave [to amend] shall freely be given when justice so requires." Fed. R. Civ. Pro. 15. Generally, leave to amend a pleading should be freely given. In practice, the burden rests on the party opposing the amendment to show why the amendment should not be allowed.

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). This case presents none of the factors that would weigh against granting leave to amend.

The proposed amendments conform the pleadings to the evidence as produced in discovery. *See* Fed. R. Civ. Pro. 15(b). Through discovery May has learned found facts

supporting defenses in the nature of: (1) release of the guaranty obligations; (2) termination of the lease by the landlord's failure to comply with its obligations thereunder; (3) extinguishment of the guaranty by substitution of another guaranty; (4) discharge of the obligations of the guarantor by virtue of lease modifications and grants of exclusive rights and uses to others without the consent of the guarantor; and (5) substitution of another guaranty for the obligations of the guaranty which is the subject of this action.

The defendant makes this first timely request after reviewing the documents, testimony and other evidence produced in discovery, and therefore, leave to amend should be granted.

## Conclusion

For all of the foregoing reasons, May respectfully requests that its motion be granted.

**THE DEFENDANT**
**THE MAY COMPANY DEPARTMENT STORES**


By_____
**Jeffrey J. Tinley**
**Tinley, Nastri, Renehan & Dost**
**60 North Main Street, 2nd floor**
**Waterbury, CT  06702**
**(203)  596-9030**
**Facsimile (203) 596-0036**
**e-mail: jtinley@tnrdlaw.com**
**Federal Bar No. 00765**

## **Certification**

I certify that on January 14, 2004 I mailed, postage prepaid, the foregoing to:

>Mark Rosenblum, Esq.
>David Heinlein, Esq.
>Rogin, Nassau, Caplan, Lassman & Hirtle
>Cityplace I, 22nd Floor
>185 Asylum St. Hartford, CT 06103-3460

>_____
>Jeffrey J. Tinley