2000 WL 306437
(Cite as: 2000 WL 306437 (D.Conn.))

Page 1

Only the Westlaw citation is currently available.

United States District Court, D. Connecticut.

Pedro J. Echevarria CARDONA,
v.
GIRARD MITSUBISHI, INC. et al.

No. 3:99CV948(CFD).

Jan. 7, 2000.

RECOMMENDED RULING ON PLAINTIFF'S MOTION TO AMEND

GARFINKEL.

*1 Plaintiff Pedro J. Echevarria Cardona moves to amend his complaint in order to change certain allegations in the counts asserted in his original complaint and to add three new counts against defendant Girard Mitsubishi, Inc. For the following reasons, plaintiff's motion (Doc. # 12) is DENIED without prejudice.

According to this Court's Standing Order, all motions to amend the pleadings shall be filed within sixty days after the complaint is filed. D.Conn. Standing Order on Pretrial Deadlines ¶ (b). In this case, the Complaint was filed on May 20, 1999. The parties then filed a Report of Parties' Planning Meeting on August 5, 1999, which this Court adopted as the Scheduling Order on October 1, 1999. The parties' Planning Report modified the Standing Order in several respects, but did not change the deadline applicable to amending the pleadings. Thus, plaintiff had until July 20, 1999 to file a motion to amend his complaint. Instead, he moved for leave to amend on August 2, 1999.

Plaintiff urges this Court to apply Rule 15(a), Fed.R.Civ.P., which provides that leave to amend a pleading "shall be freely given when justice so requires." While plaintiff has articulated the correct standard under Rule 15, we find that this lenient standard applies only to motions to amend which are filed within the deadlines set forth in the scheduling order controlling a case. Because plaintiff filed his motion to amend after the deadline passed, we must evaluate his motion in light of Rule 16, Fed.R.Civ.P., and Local Rule 11, which apply to modifications of the scheduling order. [FN1] See Winder v. Aetna Corp., No. 3:98-cv-1822, 1999 WL 305427, at *1 (D.Conn. Apr. 13, 1999) (Nevas, J.) (discussing the interplay between Rule 15 and Rule 16(b)).

FN1. Local Rule 11(b) provides that:
Within ninety (90) days after the appearance of any defendant, the Court, after considering the parties' proposed case management plan under Fed.R.Civ.P. 26(f) and Local Rule 38, shall enter a scheduling order that limits the time:
(1) to join other parties and to amend the pleadings;
(2) to complete discovery;
(3) to file dispositive motions; and
(4) to file a joint trial memorandum.
... The schedule established by the Court for completing discovery, filing dispositive motions and filing a joint trial memorandum shall not be modified except by further order of the Court on a showing of good cause.
Similarly, Rule 16(b), Fed.R.Civ.P., provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by the local rule, by a magistrate judge."

The court in Forstmann v. Culp, 114 F.R.D. 83 (M.D.N.C.1987), addressed a motion to amend a complaint which was filed in circumstances similar to ours. There, the plaintiff sought to amend his complaint for a third time, but filed his motion more than one year after the deadline set by the scheduling order. When analyzing the plaintiff's motion, the court stated that "[a] party who requests leave to amend after the date specified in the initial scheduling order must satisfy two prerequisites." 114 F.R.D. at 85 (emphasis added). First, the movant must meet the requirement of Rule 16, and second, the movant must show that leave to amend is proper under Rule 15. Id.

Pursuant to Rule 16(b) and Local Rule 11, a scheduling order can be modified only "upon a showing of good cause." In this case, plaintiff offers no reason this Court should modify the scheduling

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

2000 WL 306437  
(Cite as: 2000 WL 306437 (D.Conn.))

Page 2

order. Indeed, plaintiff did not file either a memorandum in support of his motion or a reply to defendant Girard Mitsubishi's objection. Pursuant to Local Rule 9, "[a]ny motion involving disputed issues of law shall be accompanied by a written memorandum of law ..." Local Rule 9 further provides that "[f]ailure to submit a memorandum may be deemed sufficient cause to deny the motion." While Local Rule 9 does not mandate that we deny plaintiff's motion, plaintiff's failure to file a brief is one factor we may consider. Because plaintiff has failed to demonstrate any good cause, we find he has not met his burden under Rule 16. See Winder, 1999 WL 305427, at *1 (denying without prejudice the plaintiff's motion to amend her complaint where she filed the motion out-of-time and did not show good cause under Rule 16(b); and thus concluding that justice did not require the plaintiff to be allowed to amend her complaint under Rule 15(a)).

*2 For the reasons set forth above, plaintiff's motion for leave to amend his complaint (Doc. # 12) is DENIED without prejudice. Plaintiff may file another motion to amend his complaint, with an accompanying memorandum of law addressing the requirements of Rules 15(a) and 16(b), Fed.R.Civ.P. Any objections to this recommended ruling must be filed with the Clerk of the Court within ten (10) days of the receipt of this order. Failure to object within ten (10) days may preclude appellate review. See 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure 72; Local Rule 2 for United States Magistrate Judges; *FDIC v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir.1995).

So ordered this 7th day of January 2000 at Bridgeport, Connecticut.

2000 WL 306437, 2000 WL 306437 (D.Conn.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works