UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Chase Crossroads Waterford Square LLC, ) | |
| *Plaintiff* ) | |
| v. ) | D.N.: 03-CV-432 (GLG) |
| The May Department Stores Company, ) | |
| *Defendant* ) | February 3, 2004 |

### MAY'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PERMISSION TO FILE AMENDED ANSWER

The additional defenses May seeks to raise in its amended answer are based upon evidence the plaintiff, Chase Crossroads Waterford Square, LLC ("Chase") produced in discovery. May has diligently pursued discovery and requested permission to amend its answer promptly after it became aware through discovery of the factual basis for these additional defenses. Chase's opposition to May's motion skews key facts concerning the course of discovery in this case. Chase raises two arguments: (1) May cannot show good cause for this amendment; and (2) Chase will be prejudiced if the amendment is allowed. Both of these arguments should be rejected, and the proposed amendment allowed, for the reasons set forth below.

### Relevant Facts Regarding Discovery

This action is a claim by Chase as landlord on a lease guaranty of commercial space in a shopping center. May is the defendant based on Chase's theory that May is a successor to the original guarantor who signed the guaranty in 1983, twenty years before Chase initiated this action.

One of Chase's principal arguments in opposition to May's motion is that May purportedly "delayed" deposition discovery for three months. This assertion is simply untrue for several reasons.

First, this case is only ten months old and May has completed virtually all of the discovery, save expert witness discovery, that it will require. Second, May served written discovery requests promptly and began deposition discovery within one week of receiving unredacted documents from Chase. If the course of discovery was delayed at all, it was not delayed by May, but by Chase's unilateral concern that certain key documents were "confidential." As a result, Chase's refused to produce unredacted documents absent a confidentiality order. Despite May's doubts that such confidentiality concerns were well-founded, May cooperated in drafting and executing a confidentiality stipulation which was approved by this Court. A brief history of the relevant events shows that May has acted in all respects in an appropriate and diligent manner.

- In June 2003, promptly after the parties conducted their planning conference, May requested document production from Chase.

- In August, Chase delivered redacted copies of the requested production.

- In September, the parties negotiated an accommodation to the confidentiality concerns which had prompted Chase to make the redactions.

- The fruit of those negotiations was a confidentiality stipulation filed with and approved by the Court in early October.

- Once those concerns were allayed, Chase disclosed unredacted – and much more informative – documents over the course of October and into November.

- May began taking depositions in October, within a week of receiving the initial round of unredacted document production.

- Over the course of November and December, May took three depositions and made several follow-up production requests.

- Once May had completed and digested the bulk of its discovery, counsel for May noted that the operative pleadings did not conform to the evidence. This is hardly surprising, as the original answer was filed in regard to a twenty year old lease guaranty between other parties and without the advantage of Chase's evidence in support of its claims of May's successor liability.

- On January 14, 2003, before May had even received all of the transcripts of the depositions it had taken, May promptly prepared an amended answer that better reflected the evidence and defenses available to it.

It should be noted that, in May's view, this litigation has been marked to this point by cordial professionalism on the part of counsel for both parties which has enabled discovery to proceed smoothly and without unwarranted interruption, distraction or delay. May makes no complaint regarding dilatory conduct; nor, in fairness, should May suffer such complaints.

### Argument

The Second Circuit has articulated a standard to guide the Court's discretion in determining whether to provide leave to amend in situations like this one. "Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall freely be given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003). Therefore, neither one rule nor the other controls at the expense of the other, but the Court must balance the two rules together.

Under this balanced standard, the proposed amendments should be permitted. May's pleadings were tentative at first, as Chase had nearly all the evidence relevant to this case, and May had little or no evidence. Once that initial inequality was worked out in discovery, the facts and

issues at play in this case were revealed. The good cause May claims in support of its request for permission to assert additional defenses is that these defenses all are derived from the documents that Chase produced in discovery beginning in late 2003. Counsel for May has acted with diligence. Discovery has progressed in an ordered, measured, and deliberate fashion. This case is nearly trial-ready.

Chase cannot reasonably claim prejudice in this instance. May's defenses are based on the documents and testimony produced by Chase. Chase has requested production as to the additional defenses, and May will comply with these requests promptly. There are two months left until the discovery deadline. If Chase wants to understand the factual or legal bases for May's defenses, *see* Memorandum in opposition, 5, it should simply review the discovery materials that it produced, instead of crying foul.

## Conclusion

For the foregoing reasons, May respectfully requests that motion to amend its answer be granted.

> DEFENDANT
> THE MAY COMPANY DEPARTMENT STORES
>
> By _____
> Jeffrey J. Tinley
> Tinley, Nastri, Renehan & Dost
> 60 North Main Street, 2nd floor
> Waterbury, CT 06702
> (203) 596-9030
> Facsimile (203) 596-0036
> e-mail: jtinley@tnrdlaw.com
> Federal Bar No. 00765

## Certification

I certify that on February 3, 2004, I mailed, postage prepaid, the foregoing reply memorandum to:

> Mark Rosenblum, Esq.
> David Heinlein, Esq.
> Rogin, Nassau, Caplan, Lassman & Hirtle
> Cityplace I, 22nd Floor
> 185 Asylum St. Hartford, CT 06103-3460

_____
Jeffrey J. Tinley