UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Chase Crossroads Waterford Square LLC,** | ) | |
| *Plaintiff* | ) | |
| v. | ) | D.N.: 03-CV-432 (GLG) |
| **The May Department Stores Company,** | ) | |
| *Defendant* | ) | February 5, 2004 |

FILED
Feb 10  2:35 PM '04

## MOTION TO MODIFY SCHEDULING ORDER

Defendant The May Department Stores Company ("May"), by its undersigned counsel, hereby respectfully moves, pursuant to Rule 11(b) of the Local Civil Rules of this Court, for a modification of the scheduling order in this case such that the following time limits are extended:

- To extend the time limit for amending pleadings to January 31, 2004

- To extend the time limit for May to disclose its expert witnesses by thirty (30) days, to January 31, 2004 and to make a corresponding extension of the time for plaintiff Chase Crossroads Waterford Square, LLC ("Chase") to disclose its experts to March 15, 2003.

Counsel for May has consulted with counsel for Chase, but has been unable to determine Chase's position with respect to this motion. Chase's counsel has advised that the person at Chase with whom he must consult in this matter has been unavailable. Chase's counsel has advised further that he will articulate Chase's position in a written response to this motion.

In support of this motion, May states as follows:

1. Neither of these extensions will delay the trial in this matter, nor should they require the extension of any other deadlines set by the Court. The discovery cutoff date of March 31,

-1-

2004 is still two months away, leaving what should be ample time to complete expert witness discovery and to have this matter trial ready under the existing schedule. As of the discovery cutoff date, this case will be one year old and it will be trial ready but for any dispositive motions and the preparation of a trial management order.

2. This action is a claim by the plaintiff landlord on a lease guaranty of commercial space in a shopping center. The lease guaranty was executed between different parties, more than twenty years ago. In order to fully identify its defenses and identify an expert, May had to rely on the plaintiff to produce documents and make witnesses available, since the relevant facts extend back to the early 1980s, at a time when May had absolutely no involvement with the property or the lease guaranty.

3. In its response to May's pending motion to amend its answer in this matter, Chase has stated that May delayed for three months after receiving document production from Chase to begin deposition discovery. This statement is incorrect. In fact, May began its deposition discovery less than *one week* after first receiving *unredacted* document discovery from Chase.

4. Chase's initial document production included many redactions in key documents. Although May did not share Chase's concerns regarding confidentiality, May promptly and voluntarily agreed to the terms of a confidentiality stipulation in order to avoid motion practice and delays in the progress of this case.

5. The confidentiality stipulation was executed in late September and forwarded to this Court for its approval in October 2003. Until this Court approved the parties' stipulation, Chase refused to produce unredacted documents. As a result, Chase unredacted documents did not arrive until early November, under cover of a letter dated November 3, 2003. Chase made supplemental document disclosures in late November and mid-December 2003.

6. May began deposition discovery on November 11, 2003, less than one week after receiving Chase's initial unredacted document production. Thus, it was Chase's claims of confidentiality which delayed the completion of document discovery and the start of deposition discovery, not any dilatory conduct on the part of May.

7. May promptly reviewed the unredacted documents and undertook three depositions in the months of November and December 2003. The transcript of the last of these depositions was received on January 20, 2004, a mere ten (10) days before May served its expert witness disclosure on Chase. May also served a motion for permission to amend its answer to assert additional defenses on January 14, 2004, less than one month after May completed the last of these depositions.

8. The parties previously revised the Scheduling Order in this case, changing the order in which expert witnesses would be disclosed. At Chase's request, May agreed to alter the normal order of disclosure, such that May would disclose its expert witnesses first, even though May is the defendant in this action. May agreed to this change voluntarily, again avoiding motion practice, conceding that Chase's suggested order of disclosures would be reasonable because any anticipated expert testimony would likely relate in significant part, if not exclusively, to May's defenses.

9. May understood and believed when it agreed to this change from the original Scheduling Order, that Chase would agree May should have an adequate opportunity to conduct discovery as to its defenses before it would be called upon to disclose an expert witness. May respectfully submits that it has acted promptly and with more than reasonable diligence in serving its expert disclosure a mere ten (10) days after receiving the last transcript of the three depositions it has taken.

10. May's expert disclosure, served on January 30, 2004 identifies a single expert witness, Mr. Rodney Haynes, the Executive Vice President of May's Real Estate Division. May made this disclosure promptly after it had the opportunity to review documents and take the depositions which provide the factual basis for Mr. Haynes' testimony. From the date May first received unredacted production of documents from Chase, through the deposition testimony and disclosure of an expert witness, less than three months have elapsed.

11. If May's motion is granted, two months will remain before the present discovery cutoff date and discovery still can be completed within approximately a year from the date that Chase initiated this action. These facts cannot reasonably support an assertion of unreasonable delay by May or a lack of good cause for May's requests. May merely seeks a reasonable opportunity to assert substantive defenses so that this case may be decided on its legal merits rather than as a result of procedural jousting.

## Conclusion

For the foregoing reasons, May respectfully requests that its motion be granted.

**DEFENDANT**
**THE MAY DEPARTMENT STORES COMPANY**

By _____
Jeffrey J. Tinley
Tinley, Mastri, Renehan & Dost, LLP
60 North Main Street
Waterbury, CT
Federal Bar No. 00765
Tel.: (203) 596-9030
Facsimile (203) 596-9036
E-mail: jtinley@tnrdlaw.com

## Certificate of Service

This will certify that a copy of the foregoing was mailed, postage prepaid, this 5TH day of February, 2004 to:

> Mark Rosenblum, Esq.
> David Heinlein, Esq.
> Rogin, Nassau, Caplan, Lassman & Hirtle
> Cityplace I, 22nd Floor
> 185 Asylum St. Hartford, CT 06103-3460

_____
Jeffrey J. Tinley