UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

United States District Court
District of Connecticut
FILED AT    NEW HAVEN

2/17 2004
Kevin F. Rowe, Clerk
By: [signature]
Deputy Clerk

| | |
|---|---|
| CHASE CROSSROADS WATERFORD<br>WATERFORD SQUARE, LLC<br><br>Plaintiff<br><br>vs.<br><br>THE MAY DEPARTMENT STORES<br>COMPANY<br><br>Defendant | :<br>:<br>:<br>:<br>:  Case No. 303 CV 0432 GLG<br>:<br>:<br>:<br>:  January 14, 2004 |

### DEFENDANT THE MAY DEPARTMENT STORES COMPANY'S
### AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, The May Department Stores Company, by its undersigned counsel, answers Plaintiff's Complaint as follows:

#### Parties, Jurisdiction And Venue

1. Defendant lacks sufficient information from which either to admit or deny the allegations contained in paragraph 1.

2. Defendant admits the allegations contained in paragraph 2.

3. Defendant admits the allegations contained in paragraph 3.

4. Defendant admits that it succeeded to the interests of Associated Dry Goods Corporation. Defendant further admits that Caldor, Inc. was the tenant under a certain lease agreement dated November 23, 1983 ('the Lease"). Defendant denies that the Lease governs the relations of the parties in this action. Defendant is without sufficient information from which either to admit or deny the remaining allegations contained in paragraph 4.

5. Defendant is without sufficient information from which either to admit or deny the remaining allegations contained in paragraph 5.

6. Defendant admits that the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendant is without sufficient information from which either to admit or deny the remaining allegations contained in paragraph 6.

7. Defendant admits the allegations contained in paragraph 7.

## Statement of Facts

8. Defendant admits that Associated Dry Goods Corporation executed a Guarantee dated November 23, 1983.

9. The language of the Guarantee speaks for itself and, therefore, no response thereto is made.

10. The language of the Guarantee speaks for itself and, therefore, no response thereto is made.

11. Defendant admits the allegations contained in paragraph 11.

12. Defendant lacks sufficient information from which either to admit or deny the allegations contained in paragraph 12.

13. Defendant lacks sufficient information from which either to admit or deny the allegations contained in paragraph 13.

14. Defendant admits that Ames has abandoned the leased premises. Further answering, defendant denies that Ames has terminated the Lease and denies that the Lease was in default.

15. Defendant admits that the plaintiff made demand upon it to fulfill its purported obligations under the Guarantee. Further answering, Defendant is without sufficient information

from which either to admit or deny the remaining allegations contained in paragraph 15.

16. Defendant is without sufficient information from which either to admit or deny the allegations contained in paragraph 16.

## Affirmative Defenses

### Number One:

Plaintiff has failed to mitigate its damages.

### Number Two:

Plaintiff is not entitled to recover attorney's fees, as prayed for in its Complaint.

### Number Three:

On or about October 11, 2000, plaintiff released defendant from all claims it has or may have had against defendant, including the claims alleged in this complaint.

### Number Four:

Plaintiff accepted a subsequent guarantee as a substitute of the guarantee at issue in this case, thereby releasing the defendant of any obligations that might otherwise have arisen under the guarantee at issue in this case.

### Number Five:

Plaintiff and its tenants modified the Lease without giving notice to or obtaining the consent of the guarantor, thereby discharging the obligations of the guarantor.

### Number Six:

The Lease at issue in this case was terminated pursuant its terms, including modifications thereof.

### Number Seven:

Plaintiff granted exclusive rights and uses to others, impairing the value of the leasehold and increasing the risks and burdens on the guarantor without the guarantor's consent, thereby discharging the obligations of the guarantor.

THE DEFENDANT

THE MAY COMPANY DEPARTMENT STORES

By _____
Jeffrey J. Tinley
Tinley, Nastri, Renehan & Dost
60 North Main Street, 2nd floor
Waterbury, CT  06702
(203) 596-9030
Facsimile (203) 596-0036
e-mail: jtinley@tnrdlaw.com
Federal Bar No. 00765

## Certificate of Service

This will certify that a copy of the foregoing was mailed, postage prepaid, this 23rd day of January 14, 2004 to:

    Mark Rosenblum, Esq.
    David Heinlein, Esq.
    Rogin, Nassau, Caplan, Lassman & Hirtle
    Cityplace I, 22nd Floor
    185 Asylum St. Hartford, CT 06103-3460

_____
Jeffrey J. Tinley