UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2006 MAY 15  P 12: 15

| | |
|---|---|
| CHASE CROSSROADS WATERFORD SQUARE, LLC, | CIVIL ACTION NO. 3:03CV00432 (JCH) |
| Plaintiff, | |
| V. | |
| THE MAY DEPARTMENT STORES COMPANY, | MAY 12, 2006 |
| Defendant. | |

**DISCLOSURE RE: EXPERT REBUTTAL WITNESS**

Pursuant to Federal Rules of Civil Procedure 26(2)(A), and subject to review of deposition transcripts, the plaintiff in the above-entitled matter will disclose as a rebuttal expert witness who may be called upon to give testimony in the course of trial:

1.      Arnold J. Grant of Arnold J. Grant Associates, 1010 Wethersfield Avenue, Suite 301, Hartford, CT 06114. Mr. Grant's curriculum vitae is attached hereto, together with a list of cases in which he has testified in the past four years. Mr. Grant will testify by way of a critique to the defendant's expert Leary. Grant's opinions are based on a reading of Leary's reports, which were originally marked "draft," but which the defendant has now confirmed are Leary's reports. They also include a review of the site plans, the Caldor lease, the Associated Dry

Goods guarantee, a review of involvement in relocating tenants to accommodate Lowe's, the Lowe's lease terms, and miscellaneous documentation incidental thereto.

Grant will testify that Leary has failed to properly analyze and set forth the conditions that existed as of February 1, 2003, has failed to recognize the continuing nature of the default under the guarantee, and that Leary's appraisal appears to be retrospective, yet is not so labeled. To the extent that it attempts to be retrospective to that date, Lowe's was not a tenant and could not have been construed to have been a tenant as of the date of that appraisal. The relative discount rates applied to Caldor's versus Lowe's are not justified and ignored the Associated Dry Goods guarantee which was acquired by May. The scenarios of comparing different time periods, 2014 for Caldor's with 2026 for Lowe's, cannot be justified. It is not an appropriate appraisal technique or damage analysis technique in regard to real estate. Nor is the attempt to utilize disproportionate amounts of land attributable to the Lowe's lease to equate to the Caldor lease, wherein the Lowe's lease incorporated substantially more land that had not been subject to the Caldor lease. There was no attempt to calculate the cost of implementing the Lowe's lease, including commissions, transaction expenses, zoning, permitting, demolition of buildings, relocation of tenants and other

incidental costs. Clearly, the subject property would have generated income from years 12 through 23 if the Caldor building had remained, and Lowe's had not been a tenant. There is no attempt to take same into consideration. Under scenario 2, similar defects exist. Under scenarios 3 and 4, the termination dates are not consistent with the remaining term of the Caldor lease, and hence the Associated Dry Goods guarantee, nor is the actual date of Lowe's payment of rent utilized.

Further, Grant will testify that he has examined the approach taken by the plaintiff, and while he has not performed an independent calculation of same, he finds the methodology to be generally appropriate for purposes of comparing the Lowe's lease to the Caldor lease in plaintiff's damage analysis, provided that adjustment is made for present value calculations.

PLAINTIFF,
CHASE CROSSROADS WATERFORD
SQUARE, LLC

By_____
Richard P. Weinstein, Esquire of
WEINSTEIN & WISSER, P.C.
29 South Main Street, Suite 207
West Hartford, CT 06107
Telephone No. (860) 561-2628
Facsimile No. (860) 521-6150
Federal Bar No. ct06215

## **CERTIFICATION**

This is to certify that on the 12th day of May, 2006, a copy of the foregoing was served upon:

Jeffrey J. Tinley, Esquire
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street, 2nd Floor
Waterbury, CT  06702-1403

_____
Richard P. Weinstein

CHASE\MAY DEPT STORES\DISC REBUT EXPERT-GRANT\LMV

## QUALIFICATIONS OF THE APPRAISER

*Arnold J. Grant, III, MAI*

Education:
B.S. with honors, Summa Cum Laude, University of Connecticut School of Business Administration. Major: Real Estate and Urban Economics Studies.
B.A. with honors, Summa Cum Laude, University of Connecticut College of Liberal Arts. Major: English.

Awards and Achievements:
University Scholar, 1973 - 1975. Highest undergraduate award conferred by the University of Connecticut. Graduated first in class of 2,000+.

Herbert U. Nelson Scholarship, presented by the National Association of Realtors, 1974 - 1975. Society of Real Estate Appraisers Undergraduate Scholarship, 1975. American Institute of Real Estate Appraisers Undergraduate Scholarship, 1974.

Professional Memberships:
MAI Member, Appraisal Institute.
Member, The Real Estate Exchange; Member of Executive Committee, 1995; 2005-2006
Member, Board of Directors, Connecticut Chapter Appraisal Institute, 1992-1995.
Member, Board of Directors, Connecticut Appraisal Education Institute. 1996.
Member, Real Estate Finance Association
Member, Greater Hartford Association of Realtors, Commercial Council

Appraisal Experience:
Real Estate Appraiser and Counselor. 1981-Present. Arnold J. Grant Associates, Inc., Hartford, Connecticut.

Real Estate Appraiser and Salesman. 1975 to 1980. Dow & Condon, Inc., Hartford, Connecticut. Research and writing of narrative appraisal reports, marketing and management of commercial and industrial properties.

Research Aide. 1973 - 1975. University of Connecticut Center for Real Estate and Urban Economic Studies. Research, compilation and writing of real estate studies, computer program writing.

Expert Witness: Connecticut Superior Court; Federal Bankruptcy Court.

State of Connecticut Certified General Appraiser, License RCG.248, expires 4/30/06

---

Arnold Grant Associates, Inc. 1010 Wethersfield Avenue, Hartford, CT
tel 860.525.6758; fax 860.278.6414; **arnold@arnoldgrant.com**

List of Cases for which Arnold Grant provided testimony at trial or by deposition within last four years.
Some data approximate.
All Properties Located in Connecticut

| Approx Trial Date | Effective Date | Town | Street | Case Name or Client |
|---|---|---|---|---|
| 18-Jul-02 | 31-Dec-97 | Colchester | 631 Old Hartford Road | Fedus Assoc., LLC, et al v. State of CT |
| 23-Jul-02 | 1-Oct-99 | Danbury | 39 Old Ridgebury Roa | Union Carbide |
| 28-Apr-04 | 1-Oct-01 | East Hartford | 14 Chapman | SNET |
| | 28-Feb-01 | E. Granby | 99 Rainbow Road | Beal v. Airport L.P. |
| 17-May-02 | | East Windsor | 105 Prospect Road | National Amusements v. East Windsor |
| 16-Mar-04 | 30-Aug-04 | Fairfield | Brickwalk | Kleban v. Tortora; Arbitration. |
| | 20-Feb-01 | Hartford | 417; 435 Franklin Ave. | Regency SB FSB v. Greco Bros RE |
| | 10-Apr-00 | Hartford | 56-69 Buckley Ave. | General Financial Services v. Gutfran |
| | 3-Nov-02 | Hartford | 297 Wethersfield Ave. | C. Hartford v. BCNY Systems, et al |
| 29-May-02 | 30-May-02 | Hartford | 185 Asylum | Northland v. Spinella & Jaffee |
| | 3-Nov-02 | Hartford | 297 Wethersfield Ave. | C. Hartford v. BCNY Systems, et al |
| 9-Mar-05 | 17-Mar-03 | Hartford | 255 Garden Street | Electrical Wholesale v. M.J.B. Corp. |
| 11-Dec-01 | 1-Oct-01 | Middletown | 995 Washington | 3127 Berlin Tpke Asso. v. CT |
| 1-Jul-03 | 1-Oct-00 | Milford | 74 High St. | SNET v. Milford |
| | 1-Oct-00 | Newington | 1567 Main | SNET |
| 23-May-03 | 1-Oct-01 | Newington | 715 1/2 N. Britain Ave. | 715 1/2 New Britain Ave Corp. v. T. Newington |
| | 15-Nov-05 | Norwalk | Woodward Avenue | CL&P v. Norwalk Power, LLC |
| | 1-Oct-02 | Ridgefield | 10 Catoonah St. | SBC v. Ridgefield |
| 4-Jan-06 | 18-Feb-05 | Seymour | 12 Progress Ave. | Bloxam v. PDS Engineering |
| 29-Sep-01 | | Stamford | CBD | Richard N. Jayson v. URC of Stamford |
| 9-Jul-02 | | Waterbury | | Palace Theater |
| 1-Apr-03 | | Willington | Ruby Road | Services Development Corp. v. T. of Willington |

| Case Number | Matter | Comment |
| --- | --- | --- |
| CV-99-0590479-S | permit denial | industrial; asphalt batching |
| | tax appeal | office; deposition |
| | tax appeal | telephone building |
| | deficiency hearing | flex building |
| | tax appeal | |
| | partnership dissolution | |
| CV 01-0805363S | foreclosure | office, medical, retail |
| | foreclosure | retail; office; light industrial |
| | foreclosure | apartment |
| | lease default | vacant land; tax lien |
| | foreclosure | contract lease rates |
| | specific performance | vacant land; tax lien; possible affidavit |
| CV 03 0829858-S | condemnation | parking lot; land value |
| 2078344 | tax appeal | partial taking; shopping center land |
| | tax appeal | telephone building |
| CV 02 05146919S | tax appeal | telephone building |
| | condemnation | shopping center |
| | tax appeal | electrical transmission easements |
| | construction defect | telephone building |
| CV 95-01489345 | condemnation; environmental | rebuttal witness; est. damages; arbitration |
| | condemnation | |
| CV-98-0066947-S | tax appeal | Palace theater; possible deposition |
| | | industrial building |