10. A representative of Caldor is expected to testify as to the resolution of claims related to the lease and the rejection of the lease in bankruptcy.

11. Douglas Burton, Len Liguore, (or other Lowe's representative) is expected to testify as his knowledge and role on behalf of Lowe's in the negotiations leading up to the Lowe's lease, including negotiations relating to CAM charges, start date, demolition and construction expenses and lease restrictions.

12. Susan Beaumont (or other TJX representative), is expected to testify as to her knowledge and role on behalf of Bob's / TJX with respect to lease modifications, lease exclusives, and claims for damages.

13. Cheryl Chase, President, Chase Enterprises, is expected to testify as to her knowledge and involvement in the decisions that were made on behalf of the plaintiff with respect to the Lowe's transaction, the various bankruptcies and the plaintiff's claims in this case.

14. Ernest Porco is expected to testify that he is Senior Vice President for Real Estate, of Chase Management, LLC, a subsidiary of Chase Enterprises, the entity that manages the subject shopping center. Porco will testify in particular concerning the attempt to involve the defendant May to assume control over the space when Ames was in bankruptcy to protect the benefits afforded by the underlying Caldor lease, efforts to have the defendant consider a sublease with Burlington Coat Factory, the failure of the defendant to pursue same, the subsequent rejection of the lease, the engagement of

Daniel Zelson to re-let the space, the ultimate determination to enter into a ground lease with Lowe's, the reasons for same, the efforts required in order to accommodate Lowe's, and the damages incurred.

15. Robert Beffa, former Vice President of May Realty, is expected to testify regarding his role and interactions relating to the plaintiff's claims in this case, including his discussions and interactions with Ernest Porco of the Chase organization and with real estate brokers associated with the Chase Crossroads or with potential tenants, his consideration and discussions relating to the proposed lease of the former Caldor site by Burlington Coat Factory and other potential tenants, and the lines of reporting and authority within the May Company with respect to matters such dealing with the plaintiff's claims in this case.

9. **DEPOSITION TESTIMONY**

Not applicable as to plaintiff. Defendant expects that all of its witnesses will appear live, but there is a possibility that it will rely on deposition testimony of Mr. Haynes or Mr. Beffa or that May will request permission to take their trial testimony by deposition.

10. **INTERROGATORIES/REQUESTS TO ADMIT**

See Defendant's Responses to Requests for Admissions and Plaintiff's responses to Requests for Production and Plaintiff's Responses to Interrogatories, attached hereto.

11. **EXHIBITS**[1]

**Plaintiff's Exhibits:**

| 1. | 11-23-83 | Lease between Resnikoff and Chase and Caldor with amendments |
| 2. | 11-23-83 | Lease guaranty by Associated Dry Goods |
| 3. | 2-11-99 | Warranty Deed from Chase and Resnikoff to Chase Crossroads Waterford Square, LLC |
| 4. | 2-11-99 | Assignment and Assumption Agreement from Chase and Resnikoff to Chase Crossroads Waterford Square, LLC |
| 5. | 4-8-99 | Assignment and Assumption Agreement from Caldor to Ames |
| 6. | 9-30-02 | Letter from Feigenbaum to Soshnik re: guaranty and Ames Bankruptcy |
| 7. | 2-13-03 | Letter from Feigenbaum to Soshnik re: Burlington Coat Factory |
| 8. | 2-14-03 | Letter from Feigenbaum to Soshnik re: Lease Guaranty |
| 9. | 2-14-03 | Notice of Rejection of Leases – Ames to Brawley |

---

[1] Counsel are continuing to discuss objections to Exhibits, but have been unable to complete their discussions because of their trial schedules. Counsel reasonably expect to reach agreement as to a substantial number of both plaintiff's and defendant's Exhibits prior to the final pretrial with the Court and will update their lists accordingly.

| 10. | 2-14-03 | Letter from Feigenbaum to Soshnik re: Chase analysis of Burlington proposal' |
|---|---|---|
| 11. | 2-24-03 | Letter from Feigenbaum to Soshnik re: May rejection of assignment of Ames Lease |
| 12. | 3-1-03 | Letter from Chase to Zelson – engagement letter |
| 13. | 3-27-03 | Letter from May/Korn to Feigenbaum re: extension to plead |
| 14. | 4-29-03 | Letter from Feigenbaum to May/Korn re: new Burlington Proposal |
| 15. | 5-7-03 | Letter from Soshnik to Feigenbaum re: Burlington proposal |
| 16. | 7-24-03 | Fax from Zelson to Brawley re: Marketing Package |
| 17. | 7-25-03 | Fax of photos showing space available with signage |
| 18. | 10-1-03 | E-mail from Cliff Simon to Zelson |
| 19. | 10-5-04 | Memorandum – Brawley to Porco re: Burlington Coat |
| 20. | 1-10-96 | Internal May document re: Caldor Contingent Liability |
| 21. | 7-1-04 | Internal May document re: Caldor/Venture Lease Liability |
| 22. |  | Plot or survey pre-Lowe's |
| 23. |  | Plot or survey post-Lowe's |
| 24. |  | Summary of damages |

## Defendant's Exhibits:

### Defendant's Exhibit List

[In addition to Exhibits listed or introduced by Defendant]

| Ex. No. | Description | |
|---|---|---|
| 200 | Italia & Lemp Appraisal of Chase Crossroads Shopping Center Valuation Date January 6, 2006 | |
| 201 | Letter from Resnikoff / Chase to Caldor, confirming Lease execution and inducement tenant provision dated November 23, 1983 | |
| 202 | Letter to Resnikoff / Chase from Caldor, confirming change of commencement date dated May 1, 1984 | |
| 203 | Letter to Resnikoff / Chase from Caldor, confirming change of commencement date, dated June 1, 1984 | |
| 204 | Letter from Resnikoff / Chase to Caldor, confirming request to substitute new Lease Plan (w/attachment) dated July 12, 1984 | |
| 205 | Letter to Resnikoff / Chase from Caldor, amending Lease to delete Par. 5 (H) (w/attachment), dated December 20, 1984 | |
| 206 | Letter to Resnikoff / Chase from Caldor, extending landlord's completion date, dated October 9, 1986 | |
| 207 | Letter to Resnikoff / Chase from Caldor, substituting site plan, waiving lease provisions and extending landlord's completion date, dated June 24, 1986 | |
| 208 | Letter from Resnikoff / Chase to Caldor, changing rental payment amount, dated November 25, 1987 | |
| 209 | Memorandum with eight (8) numbered lease changes, dated November 23, 1983 | |
| 210 | Bob's Lease | |
| 211 | Brawley Fax with BCF Letter of Intent dated September 12, 2003 | |
| 212 | Soshnik letter to Feigenbaum re: BCF, dated May 7, 2003 | |
| 213 | Feigenbaum letter to Korn re: BCF dated April 29, 2003 | |
| 214 | Feigenbaum letter to Soshnik re: BCF dated February 13, 2003 | |
| 215 | Worksheet "Crossroads Ames Replacement by Lowe's" with first page of LOI, dated April 10, 2003 | |

| | |
|---|---|
| 216 | Kagan Letter to Caldor re: preparing lease with inducement tenant and extending date to sign lease, dated February 27, 1984 |
| 217 | Letter to Porco from Caldor notifying of rejection of lease in bankruptcy, dated February 14, 2003 |
| 218 | Notice of Rejection of Lease, w/Fax cover sheet, dated February 13, 2003 |
| 219 | Porco Memorandum to Brawley re: BCF Chronology, dated October 5, 2004 |
| 220 | CNS R.E. Memorandum to Brawley re: BCF purchase of Lease w/ term sheet of lease modifications, dated February 13, 2003 |
| 221 | Kaye Scholer letter to Atty LoBello re: resolution of all claims against Caldor and its parent, dated October 4, 2000 |
| 222 | e-mail from CNS R.E. to Zelson re: BCF and Bob's restriction, dated September 30 and October 1, 2003 |
| 223 | Fax dated October 7, 2003 with signed BCF Letter of Intent, dated September 12, 2003 |
| 224 | Bob's Holiday Sale Circular |
| 225 | Letter to Beffa from Brawley with Lease Restrictions in Chase Crossroads Center, dated June 24, 2003 |
| 226 | e-mail from Simon to Zelson w/ Fax to Brawley, dated December 5, 2003 |
| 227 | Fax from Brawley to Zelson w/ signed LOI, dated October 3, 2003 |
| 228 | CNS Fax to Brawley attaching BCF's proposal, dated May 4, 2003 |
| 229 | Brawley Fax to Zelson with comments on BCF proposal, dated September 15, 2003 |
| 230 | Brawley Letter to Zelson with comments on CNS e-mail |
| 231 | Feigenbaum letter to Soshnik re: calculation of BCF deal, dated February 14, 2003 |
| 232 | Comparision sheet showing Ames, Burlington and Lowe's [Undated] |
| 233 | Draft LOI w/ Lowe's w/ handwritten notations comparing alternatives |
| 234 | Charter letter to Lowe's w/ Chase proposal for Lowe's deal, dated April 10, 2003 |
| 235 | e-mail from Beaumont (TJX) to Burton re: Bob's exclusives, dated January 26, 2005 |
| 236 | Right of Entry and Hold Harmless Agreement, dated March 24, 2004 |
| 237 | Memorandum from Brawley to Mellitz re: presentation to Conservation Board, dated September 1, 2004 |

| | | |
|---|---|---|
| 238 | Letter to Zelson from Mellitz dated April 30, 2003, with Brokerage Agreement between Charter (Zelson) and Chase, dated March 1, 2003 | |
| 239 | Worksheet "Crossroads Ames Replacement by Lowe's" | |
| 240 | Markup of Lowe's LOI showing Tenant's counter dated April 10, 2003 | |
| 241 | Midland Loan Services Letter re: conditional approval of Lowe's deal dated March 29, 2004 | |
| 242 | County Hearing and Balance Letter Agreement dated March 21, 2004 | |
| 243 | Deb's Shops Letter Agreement dated March 14, 2005 | |
| 244 | e-mail Mellitz to Porco re: Bob's restrictions and amendment with site plan attached, dated January 24, 2005 | |
| 245 | e-mail Mellitz to Burton re: CAM issue, dated January 27, 2005 | |
| 246 | Soshnik letter to Mellitz re: denying liability, dated March 10, 1999 | |
| 247 | Mellitz demand letter to May / Soshnik dated March 4, 1999 | |
| 248 | Photographs of Chase Crossroads Center w/ Caldor / Ames | |
| 249 | Photographs of Chase Crossroads Center w/ Lowe's | |
| 250 | News report New London Day, "Lowe's Planning Waterford Store, September 9, 2004 | |
| 251 | Fax from Zelson to Simon re: Lowe's on hold, dated August 26, 2003 | |
| 252 | Plaintiff's Damages Analysis of April 1, 2005 | |
| 253 | Plaintiff's Damages Update Letter of October 25, 2005 | |
| 254 | Plaintiff's Damages Analysis of November 30, 2005 | |
| 255 | Plaintiff's Damages Analysis of April 2005 | |
| 256 | Plaintiff's Damages Analysis of May 2005 | |
| 257 | Wilmer Cutler Memo to Brawley, Mellitz re: Open Issues, dated August 30, 2004 | |
| 258 | e-mail Burton to Brawley re: open issues, dated January 20, 2005 | |
| 259 | Chase (Mellitz) letter to Burton re: open issues dated January 20, 2005 | |
| 260 | Chase Memorandum re: Closing Statement for recording documents, dated April 29, 2005 | |
| 261 | Walmart Lease | |

| | | |
|---|---|---|
| 262 | Caldor Notice of Issuance of Wind-Down Order, Chapter 11 | |
| 263 | Caldor Wind-Down Order, Chapter 11 | |
| 264 | Letter from Chase-Resnikoff to Caldor dated Narch 10, 1998 re: store opening | |
| 265 | Omitted | |
| 266 | Caldor Order Approving Sale to Ames, Chapter 11 | |
| 267 | Lobello to Porco Fax dated March 29, 1999 | |
| 268 | Caldor Order Approving Assumption and Assignment, Chapter 11 | |
| 269 | Caldor Lease Abstract | |
| 270 | Memo: Caldor CAM Base year memo with supporting documents | |
| 271 | Memo: Caldor Insurance costs 1988-89 | |
| 272 | Caldor Insurance Invoice dated February 12, 1992 | |
| 273 | Caldor Real Estate Tax December 2, 1992 | |
| 274 | Caldor Sewer Assessment October 2, 1992 | |
| 275 | Mellitz Letter to Soshnik May 4, 1999 | |
| 276 | Caldor Real Estate Corrected Invoice Tax July 8, 1998 | |
| 277 | Caldor Invoices letter dated January 26, 1995 | |
| 278 | Resnikoff letter and plan showing property November, 1987 | |
| 279 | Beffa email to Soshnik June 2, 2003 | |
| 280 | Zelson Exhibit 1 from deposition of April 14, 2006 | |
| 281 | Zelson Exhibit 2 from deposition of April 14, 2006 | |
| 282 | Caldor Real Estate Invoice dated December 1, 1996 | |
| 283 | Caldor Real Estate Tax Invoice dated July 17,, 1995 | |
| 284 | Caldor Real Estate Tax Invoice dated July 5, 1994 | |
| 285 | Caldor Real Estate Tax Invoice dated July 1, 1993 | |
| 286 | Letter from Atty Lissy to Porco re: Ames Chapter 11 dated August 21, 2001 | |

| | |
|---|---|
| 287 | Brokerage Agreement dated March 1, 2003 |
| 288 | Plaintiff's Answers to Interrogatories |
| 289 | Plaintiff's Requests for admission |
| 290 | Defendant's Interrogatories and Requests for Production |
| 291 | Ames Chapter 11 Notice of Rejection |
| 292 | Letter from Kagan to Allan-revised lease |
| 293 | Caldor Lease |
| 294 | Letter to Resinkoff from Kagan re: revised lease dated November 8, 1983 |
| 295 | Letter to Resinkoff from Kuller re: changes in site plan and lease dated June 24, 1986 |
| 296 | Letter to Resinkoff from Kuller re: amendment to lease dated September 9, 1985 |
| 297 | Letter to Resnikoff from Kuller re: amendment to lease dated December 20, 1984 |
| 298 | Chase-Resnikoff Memorandum re: billing, notices, tax base and other lease terms |
| 299 | Letter to Kuller from Resnikoff and Chase dated June 1, 1984 |
| 300 | Ames Letter to Porco re: rejection of lease dated February 14, 2003 |
| 301 | Letter Resnikoff and Chase to Caldor re: lease amendment dated July 12, 1984 |
| 302 | Letter to Resinkoff and Chase from Caldor re: lease execution and conditions dated November 23, 1983 |
| 303 | Abstract of Caldor Lease |
| 304 | Memo Re: Caldor Lease, signed by Kuller and Resnikoff dated November 23, 1983 |
| 305 | Chase Crossroads Proof of Claim with supporting documents file stamped March 15, 2002 |
| 306 | Letter to Len Ligoure from Charter Reality re: proposed Lowe's deal, dated May 8, 2003 |
| 307 | Simon to Zelson email dated October 1, 2003 |
| 308 | Zelson to Simon Fax dated October 7, 2003 with LOI dated September 12, 2003 |
| 309 | Lowe's Site Plan 116K Modified |
| 310 | Fax Brawley to Zelson and signed LOI attached, dated October 3, 2003 |

| 311 | Fax Zelson to Brawley re: window to make a deal, dated August 26, 2003 |
|-----|---|
| 312 | Fax Zelson to Simon re: marketing of site dated July 24, 2003 |
| 313 | Lease excerpts - restrictions and exclusives |
| 314 | Fax Brawley to Zelson with attachment Hoyts Key Terms, dated May 9, 2003 |
| 315 | Fax CNS Real Estate [Simon] to Brawley and Zelson with attached Burlington Coat Factory proposal, dated May 4, 2003 |
| 316 | Fax Carter-Burgess to Zelson/Potvin with Lowe's Plan attached, dated May 3, 2003 |
| 317 | Fax Carter-Burgess to Brawley with Lowe's Plan attached, dated March 31, 2003 |
| 318 | Fax Zelson to Brawley re: request for proposal dated May 4, 2003 |
| 319 | Lease Amendment signed by Kuller, dated ___ 1990 |
| 320 | Charter Realty Invoice for Real Estate Commission |
| 321 | Schedule: "Lowe's Costs as of December 31, 2005 (total $110,560.32; with supporting documents) |
| 322 | Schedule: "CIP 2090 Construction/Budget Cost As of December 31, 2005 (total $250,713.18; with supporting documents) |
| 323 | Schedule: "CIP 2090 Construction/Budget Cost As of December 31, 2005 (total $253,972.18; with supporting documents) |
| 324 | Schedule: "CIP 2090 Construction/Budget Cost As of December 31, 2005 (total $7,676.53; with supporting documents) |
| 325 | Schedule: "CIP 2090 Construction/Budget Cost As of December 31, 2005 (total $15,899.52; with supporting documents) |
| 326 | Schedule: "Other Deferred Costs, As of March 31, 2006" (with supporting documents) |
| 327 | Leary Expert Witness Reports |

The plaintiff reserves its right to claim attorney's fees after decision on underlying liability. Defendant agrees that this issue may be deferred until after a decision on liability.

12. **ANTICIPATED EVIDENTIARY PROBLEMS**

Plaintiff: None.

Defendant: Defendant maintains that much of plaintiff's evidence of damages is irrelevant and immaterial as they relate to a theory of damages that is legally unsupportable. In addition, defendant anticipates that plaintiff may seek to introduce inadmissible testimony or evidence concerning settlement discussions or statements allegedly made by agents of May that are irrelevant, lacking in foundational evidence of authority of the agent, and otherwise immaterial.

13. **MOTIONS IN LIMINE**

Plaintiff: None

Defendant: Defendant may move in limine as to the matters noted in paragraph 12, above.

14. **GLOSSARY**

Not applicable.

15. **TRIAL TO COURT**

**Stipulation of facts not otherwise admitted and/or subject to admissions**

1. On November 23, 1983, Resnikoff and Chase entered into a lease with Caldor (Exhibit 1).

2. The stated lease term expires January 31, 2014.

3. The lease was guaranteed by Associated Dry Goods, which company was acquired by the defendant May (Exhibit 2).

4. The property was conveyed to Chase Crossroads Waterford Square, LLC (Exhibit 3).

5. The leases were assigned and assumed by the plaintiff (Exhibit 4).

6. In September of 1995, Caldor went bankrupt. In April of 1999 the lease was assigned and assumed by Ames, which in turn declared bankruptcy in August of 2001 (Exhibit 5).

7. Ames rejected the lease in bankruptcy on February 14, 2003.

8. As of March 1, 2003, the plaintiff engaged the services of Charter Realty and Development Corporation (Dan Zelson) to head reletting efforts (Exhibit 12).

9. The plaintiff re-let the land upon which the Caldor building was built as part of a larger parcel by way of a ground lease to Lowe's, which lease was executed in April of 2005.

10. In order to proceed with the Lowe's lease, the Caldor building and a portion of the existing shopping center was demolished and the plaintiff relocated some of the tenants in order to accommodate the requirements of the Lowe's lease.

11. Lowe's commenced payment of rent on or about January 27, 2006.

12. For purposes of this litigation, the rent under the Lowe's ground lease is $600,000 per year (years 1 through 5); $660,000 per year (years 6 through 10); $726,000 per year (years 11 through 15); and $798,000 per year (years 16 through 20).

PLAINTIFF,
CHASE CROSSROADS WATERFORD SQUARE, LLC

By_____
Richard P. Weinstein, Esquire of
WEINSTEIN & WISSER, P.C.
29 South Main Street, Suite 207
West Hartford, CT 06107
Telephone No. (860) 561-2628
Facsimile No. (860) 521-6150
Federal Bar No. ct06215

DEFENDANT,
MAY DEPARTMENT STORES

By_____
Jeffrey J. Tinley, Esquire
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street, 2nd Floor
Waterbury, CT 06702-1403
Telephone No. (203) 596-9030
Facsimile No. (203) 596-9036
Federal Bar No. ct 00765

CHASE\MAY DEPT STORES\PRETRIAL MEMORANDUM\LMV