

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHASE CROSSROADS WATERFORD SQUARE, LLC, | : : : | CIVIL ACTION NO. 3:03CV00432 (JCH) |
| Plaintiff, | : : | |
| V. | : : : | |
| THE MAY DEPARTMENT STORES COMPANY, | : : : | JUNE 19, 2006 |
| Defendant. | : | |

## SUPPLEMENT TO PRETRIAL MEMORANDUM

The plaintiff hereby responds to Section 6 of the Pretrial Memorandum as follows:

**6. NATURE OF CASE**

    **c. Plaintiff's Response to Defendant's claims:**

    **ii. The "Key Tenant" Provision**

There was no issue raised by the defendant Caldor's or American Dry Goods in regard to the failure of the landlord to "place a first class supermarket as an 'additional' key tenant'" from 1983 through the time of default in 2003.

### iii. The Caldor Bankruptcy

The defendant misinterprets the letter agreement and the import of same. There was no release of the guarantee. It was only for attorneys' fees.

### iv. Lease Modifications, Restrictions and Exclusives

No consent was needed from the defendant or its predecessor in regard to the reletting or letting of the remainder of the shopping center. There is no such provision within the guarantee requiring same. Further, if the defendant had cooperated with defendant, the Caldor lease would have remained in place with the original Caldor exclusives. There is nothing in the lease or guarantee which otherwise prohibited the granting of exclusives to subsequent tenants. Further the plaintiff maintains that Bob's is not in fact a department store and that the exclusives in regard to the Bob's lease would not have been an issue if in fact the defendant had acted to preserve the Caldor lease.

### v. Ames' Bankruptcy and the Burlington Coat Factory Deal

In fact the plaintiff had offered to have Burlington Coat Factory take occupancy of the subject premises by virtue of the Caldor lease. Plaintiff requested the defendant to preserve the Caldor lease and to accomplish the reletting of the premises to Burlington Coat. The defendant declined and failed to act. The Caldor Ames lease ultimately was rejected. Further,

Burlington Coat had an existing lease in a nearby shopping center which required $1,000,000.00 to purchase a release from that lease. The defendant failed and neglected to agree to provide for same. Still further Burlington Coat discontinued interest in regard to the subject shopping center and there is no evidence that it remained a viable tenant in connection with the subject shopping center.

While the potential of a Lowe's lease was of great interest, it involved protracted negotiations, a very difficult and complicated process by which to provide for the Lowe's lease, including zoning issues and relocating tenants. The cost of destruction of a portion of the building to permit the Lowe's occupancy is not part of the claim for damages. Lowe's was, from the plaintiff's viewpoint, the only realistic tenant. The plaintiff's certainly had a duty to secure a tenant notwithstanding that it was a ground lease.

The long term benefits, if any, provided by the Lowe's ground lease is not relevant to the measure of damages. The measure of damages is an ongoing cash differential between Caldor's and Lowe's, especially since Lowe's did not even start paying rent until 2006. The value, if any, of the Lowe's lease 20 years from now is highly speculative and attempts to compare different portions of the property. Further, the defendants seek to compare expirations of the Lowe's lease in 2024 with expirations of the Caldor lease in 2014 which

the plaintiff maintains is improper.

### vi. Damages

The defendants have failed to properly analyze the Caldor lease and to compare that with the funds derived from Lowe's. The plaintiff in fact will provide such an analysis. The defendant's expert has utilized inconsistent set of facts to try to hypothecate a position. Plaintiff claims there is substantial real dollar loss to the plaintiff. The market value of the property is not relevant. Further, the defendant has failed to take into consideration the costs incurred by the plaintiff in securing Lowe's as a tenant.

PLAINTIFF,
CHASE CROSSROADS WATERFORD
SQUARE, LLC

By_____
Richard P. Weinstein, Esquire of
WEINSTEIN & WISSER, P.C.
29 South Main Street, Suite 207
West Hartford, CT  06107
Telephone No. (860) 561-2628
Facsimile No. (860) 521-6150
Federal Bar No. ct06215

## CERTIFICATION

This is to certify that on the 19th day of June, 2006, a copy of the foregoing was served upon:

Jeffrey J. Tinley, Esquire
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street, 2nd Floor
Waterbury, CT  06702-1403

_____
Richard P. Weinstein